UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETA REYES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendant. | Case No. 8:16-cv-00563-SVW-AFM<br><br>Hon. Stephen V. Wilson<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND SECOND SETTLEMENT DISTRIBUTION** |

      Before the Court is Plaintiff's unopposed motion for attorneys' fees and second settlement distribution. For good cause shown, the Court GRANTS the motion and orders as follows:

1. On July 30, 2020, this Court entered an order granting final approval to a proposed class action settlement in this matter and granting in part Plaintiff's motion for attorney's fees and costs (Dkt. 159).

2. Following entry of the final approval order, the parties filed a stipulation setting forth a proposal for making settlement distributions pending class counsel's appeal of the attorneys' fee award and addressing the potentiality of a second distribution following the appeal. (Dkt. 160). On August 27, 2020, the Court adopted the stipulation and entered an order regarding initial settlement distribution (Dkt. 161).

3. The order provided that prior to the appeal of the attorneys' fee award, Experian would fully fund the settlement fund in the amount of $24,000,000, which would satisfy its obligations under the Settlement. (Dkt. 161, ¶ 1). The settlement administrator would then issue settlement checks in the amount of approximately $278 to more than 56,000 class members, which would result in equal distribution of the settlement fund to all class members after payment is allocated for approved costs and expenses in the amount of $130,482.24, approved notice and settlement administration costs in the amount of $110,950, the approved service award payment of $15,000, and less the amount of attorneys' fees in controversy on appeal ($8,000,000), which was to be held in escrow pending resolution of the appeal. (*Id*., ¶ 2).

4. The order further provided that following resolution of the appeal, all funds not awarded for attorney's fees shall be distributed equally among class members in the form of a settlement check issued within 30 days of the date of completion of all proceedings arising out of the appeal. (*Id*., ¶ 3). All costs associated with making a subsequent distribution post-appeal, if any, shall be borne solely by Plaintiff's counsel and not paid from the settlement fund. (*Id*., ¶ 4).

5. Following entry of this order, the Court-approved settlement administrator, Angeion Group, caused settlement checks in the amount of $278.38 to be mailed to 56,553 class members. (Dkt. 167-2, ¶ 3). Due to rounding, $343.62 was left undistributed and will be added to the second settlement distribution. *Id.*

6. On April 8, 2021, the U.S. Court of Appeals for the Ninth Circuit issued an opinion holding that Plaintiff's counsel was entitled to fees of no less than 25% of the $24,000,000 fund. (Dkt. 165).

7. Following issuance of the Ninth Circuit's opinion, Plaintiff filed an unopposed motion seeking an attorneys' fee award of $6,000,000, equaling 25% of the settlement fund, with the remaining $2,000,000 held in escrow plus the previously undistributed $343.63 to be distributed equally among the class. (Dkt. 167). Angeion has represented that the cost of the second settlement distribution will be $65,618, which Plaintiff's counsel have agreed to deduct from their fee allocation. (Dkt. 167-2, ¶ 4).

8. Accordingly, the Court approves the following settlement distribution which shall be made within 30 days of the date of this order:

| Amount | Recipient |
|---|---|
| $5,934,382.00 | Attorneys' fees (25% of the settlement fund less administration costs for second settlement distribution) |
| $65,618.00 | Administration costs for second settlement distribution |
| $2,000,343.63 | Amount distributed equally among 56,553 class members, resulting in individual payouts of $35.37 per class member |

/ / /

/ / /

/ / /

9. In accordance with the Settlement Agreement, the Court retains jurisdiction for the limited purpose of effectuating a third settlement distribution in the event there are remaining funds as the result of uncashed checks.

**IT IS SO ORDERED.**

Dated: May 4, 2021

_____
Honorable Stephen V. Wilson
United States District Court Judge